IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:10-CV-00219-D

| | | |
|---|---|---|
| RAYMOND WOOD, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TOWN OF WARSAW, NORTH CAROLINA, | ) | |
| *a Municipal Corporation*, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's motion to modify subpoena [DE-20], to which Plaintiff has responded [DE-22], and the parties' joint motion to extend case deadlines [DE-33]. The motions have been referred to the undersigned by Chief Judge James C. Dever III [DE-24 & 34] and are ripe for decision. For the reasons that follow, the Court will grant in part and deny in part the motion to modify and grant the motion to extend deadlines.

## STATEMENT OF THE CASE AND FACTS

Plaintiff brought this action against his former employer asserting claims for age discrimination in violation of the Age Discrimination in Employment Act and for wrongful discharge in violation of public policy. Plaintiff specifically alleged that Jason Burrell ("Burrell"), former town manager of the Town of Warsaw, terminated his employment as Chief of the Warsaw Police Department because the town board wanted "younger blood in the Chief's office." Compl. ¶¶ 11, 19 [DE-1-2].

In the course of discovery, Plaintiff served a subpoena duces tecum on Burrell, who is not a party to this action, requesting five categories of documents, including any computers used by Burrell during the period from October 1, 2007 to September 30, 2009. Def.'s Mot., Ex. A ¶ 1 [DE-

20-2]. Counsel for Defendant, who appears to also be representing Burrell with respect to his objections to the subpoena, notified counsel for Plaintiff that both Defendant and Burrell objected to allowing inspection of Burrell's personal hard drive on the grounds that it is unduly burdensome, overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and that it requests private information unrelated to the case. Def.'s Br. at 2 [DE-21].

## DISCUSSION

"As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection." Fed. R. Civ. P. 34(c). A court must quash or modify a Rule 45 subpoena if it requires disclosure of privileged or protected information or is unduly burdensome. Fed. R. Civ. P. 45(c)(3)(A)(iii) & (iv). A court should consider (1) the relevance of the discovery sought, (2) the requesting party's need, and (3) the potential hardship to the party subject to the subpoena. *Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005) (quoting *Heat & Control, Inc. v. Hester Indus.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986)). Discovery may be limited if it is obtainable from another source that is more convenient, less burdensome, or less expensive, or if the burden of the proposed discovery outweighs the likely benefit. *Id.* (citing Fed. R. Civ. P. 26(b)(2)). A court "will give extra consideration to the objections of a non-party, non-fact witness in weighing burdensomeness versus relevance." *Id.* (quoting *Indem. Ins. Co. of N. Am. v. Am. Eurocopter LLC*, 227 F.R.D. 421, 426 (M.D.N.C. 2005)).

The sole remaining issue in dispute with respect to the subpoena is the request to search Burrell's hard drive from his personal computer, which is encompassed in the following request:

> Whether currently operable or not, any and all computers, hard drives, thumb drives, flash drives, memory drives, magnetic tapes-including but not limited to cassette tapes and video tapes-discs and disks-including but not limited to compact discs (CD's) and digital versatile discs (DVD's)--or other magnetic, electronic, or digital media storage devices used by Deponent at any time during the period from

2

October 1, 2007, to September 30, 2009, specifically excluding commercially produced CD's, DVD's, VHS tapes, and music or video downloads unless the item concerns news or community reports regarding Warsaw or any of its current or former employees, including but not limited to television or radio news interviews[.]

Def.'s Mot., Ex. A (Attachment to Subpoena) ¶ 1 [DE-20-2].

Burrell argues that a search "would entail significant time and expense for both the searching and the redacting of unrelated or privileged documents" and is an invasion of his personal privacy. Def.'s Br. at 3 [DE-21]. Burrell also contends that he did not use his personal computer for work and that in the event such information existed on his personal computer's hard drive, he would produce it pursuant to the subpoena's request numbers four[1] and five,[2] which relate to any tangible documents regarding Plaintiff. *Id.* at 3-4. Burrell finally contends that the request to search is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. *Id.* at 4. Plaintiff responded that he has already paid to copy Burrell's hard drive in order to preserve it, that he will pay the cost of the search by a forensic expert, that he has submitted proposed search terms to opposing counsel and is prepared to negotiate modifications, and that any burden would, therefore, be limited to a privilege review by Burrell's counsel of documents returned by the search.[3] Pl.'s Resp. at 2-4 [DE-22].

---

[1] "4. Any and all letters, graphs, drawings, notes, calendars, diaries, memoranda, files, recordings, photographs, emails, texts, tweets, postings of any kind or nature, and other documents, whether in printed, handwritten or other tangible format, relating to Plaintiff at any time during the period from January 1, 2007, to December 31, 2009[.]" Def.'s Mot., Ex. A (Attachment to Subpoena) ¶ 4.

[2] "5. Any and all letters, graphs, drawings, notes, calendars, diaries, memoranda, files, recordings, photographs, emails, texts, tweets, postings of any kind or nature, and other documents, whether in printed, handwritten, or other tangible format, relating to Deponent's employment agreement(s) with Defendant, Deponent's performance of his job duties for the Defendant, including but not limited to written or oral evaluations, and Deponent's or Defendant's reasons for Deponent's leaving the employ of Defendant." *Id.* ¶ 5.

[3] Plaintiff also raised Defendant's standing to assert an objection to the subpoena on behalf of Burrell. While it is not entirely clear, it appears that Defendant's counsel is representing Burrell with respect to the subpoena, and the motion states that "both Defendant and Burrell object to the subpoena[.]" Def.'s Mot. at 1. However, because the Court's decision is based on other grounds favorable to Plaintiff, it need not reach the standing issue.

3

On its face, the request at issue appears overly broad in that it seeks production of Burrell's hard drive without any parameters as to the information being sought. However, Plaintiff contends that the intent of the request was not to produce the entire contents of the hard drive, but only those non-privileged documents identified by an electronic search for key words related to the claims and defenses asserted by the parties. Pl.'s Resp. at 4 § f. The limited search and production described by Plaintiff does appear reasonably calculated to lead to the discovery of admissible evidence, assuming that the key words proposed are appropriately tailored to produce documents that are likely to be relevant to the claims and defenses asserted in this matter. While Burrell is a non-party, he is alleged to have been Plaintiff's supervisor at the time the events at issue occurred and is alleged to have terminated Plaintiff. In this age of smart phones and telecommuting, it is increasingly common for work to be conducted outside of the office and through the use of personal electronic devices. Therefore, it is not unreasonable, despite Burrell's assertion to the contrary, that some relevant information may be found on his personal computer's hard drive. As such, counsel for the parties and Burrell shall confer in good faith to arrive at a mutually agreeable list of search terms. In the event there is disagreement, the parties shall notify the undersigned's chambers no later than **January 4, 2012,** and a teleconference will be scheduled to promptly resolve any dispute.

With respect to Burrell's objections based on the expense of searching documents and conducting a privilege review, the Court finds that compliance with the request would not create an undue burden on Burrell. Plaintiff has agreed to pay the cost of a forensic expert to copy and search Burrell's hard drive. Given Burrell's contention that he did not use his personal computer for work, an appropriately tailored search should not produce a significant number of documents that would necessitate an extensive document review by his counsel. Additionally, as a key non-party witness, it is not unreasonable for Burrell to be subject to some discovery in this matter. Furthermore, while

4

the Court understands Burrell's privacy concerns, any private or confidential information could be produced subject to the consent protective order [DE-29] previously entered in this case, and Burrell's counsel will have the opportunity to review any documents for privilege prior to production. Finally, the Court agrees with Plaintiff that requests four and five pertain to tangible documents and not electronically stored information ("ESI") and, therefore, would not encompass the information sought by the request to search Burrell's personal hard drive.

Therefore, having weighed the factors of relevancy, need, and burden, the Court concludes that Plaintiff is entitled to search Burrell's personal hard drive and that Plaintiff's proposed search by a forensic expert is a reliable and efficient method to accomplish the search with minimal burden on Burrell. Notwithstanding, the Court will modify the subpoena, in part, to make clear that Plaintiff is not entitled to production of the entire contents of Burrell's personal hard drive and that the responsive documents must first be provided to Burrell's counsel to conduct a privilege review and to denote as confidential, or redact as appropriate, any documents containing sensitive personal information.

With respect to the parties' joint motion to extend deadlines, the Court finds good cause to allow the parties' request in order to provide additional time to effectuate the above directives and complete discovery. Therefore, the Scheduling Order is amended as follows: Discovery shall be concluded no later than **February 6, 2012**, potentially dispositive motions shall be filed no later than **March 22, 2012**, and the trial of this matter will be set by separate order.

## CONCLUSION

The motion to modify [DE-20] is **GRANTED IN PART AND DENIED IN PART** and the

motion to extend deadlines [DE-33] is **GRANTED**.

This the 22nd day of December, 2011.

DAVID W. DANIEL
United States Magistrate Judge